No. 34,348

A. W. SWENSON, Administrator of the Estate of Oscar R. Dahlstrom, Deceased, *Appellee,* v. THE VICTORY LIFE INSURANCE COMPANY, *Appellant.*

(92 P. 2d 121)

Opinion filed July 8, 1939.

*Ralph T. O'Neil, J. D. M. Hamilton, Barton E. Griffith* and *Peter F. Caldwell,* all of Topeka, for the appellant.

*David Ritchie* and *C. L. Clark,* both of Salina, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: On May 12, 1922, the Bank Savings Life Insurance Company issued to Oscar Dahlstrom a policy insuring his life. Hanna Dahlstrom was named as beneficiary. The policy provided for annual premiums of $86.94, and provided that insurer would pay

the beneficiary $2,000 upon receipt of proof of death of the insured during the continuance of the policy.

The insured paid fifteen annual premiums of $86.94, the last of which came due May 12, 1936. The insured died February 3, 1937. In the meantime the Victory Life Insurance Company had reinsured the policies of the Bank Savings Life Insurance Company. After the death of the insured the Victory Life paid the sum of $2,000 to the beneficiary. On May 4, 1938, the administrator of the estate of the insured, Oscar Dahlstrom, filed the petition in this action, seeking to recover the sum of $396 with interest at 4 percent per annum from the date of the death of the insured. A demurrer to the petition was overruled. The defendant having filed an answer, the plaintiff filed a motion for judgment on the pleadings, which the trial court sustained. From this ruling and the judgment entered thereon this appeal is taken.

The policy was labeled "20 Payment Life Coupon Premium Reduction Plan, With Twenty Year Endowment Option Nonparticipating." Pertinent provisions follow:

Number, 15637                              Amount, $2,000

THE BANK SAVINGS LIFE INSURANCE COMPANY OF TOPEKA, KANSAS

Age 28                                     Premium, $86.94

Will pay; two thousand dollars to Hanna Dahlstrom, mother of the insured, hereinafter known as the beneficiary, upon receipt of due proof of the death, during the continuance of this policy, of Oscar R. Dahlstrom, hereinafter known as the Insured.

GUARANTEED SETTLEMENTS IF NO COUPONS HAVE BEEN USED

At the end of eleven years, provided eleven full years' premiums have been duly paid hereon and no coupon has been detached herefrom, the insured may, upon legal surrender of this policy to the company, receive

A paid-up nonparticipating life policy for $2,000.00 and cash
in the sum of ..................................... $20.00

END OF TWENTY YEARS

At the end of twenty years, provided twenty full years' premiums have been duly paid hereon and no coupon has been detached herefrom, the insured may, upon legal surrender of this policy to the company, receive any one of the following benefits:

1. A paid-up nonparticipating life policy for....................... $4,010.00
provided satisfactory evidence of insurability be furnished the
company; or

2. A paid-up nonparticipating life policy for...................... $2,000.00
   and cash in the sum of ..................................... 978.00
   or
3. Cash in the sum of......................................... $2,000.00

. . . . . . . . . . . . . . . .

Form 47, twenty-payment life coupon premium reduction plan, with twenty-year endowment option, nonparticipating.

### GUARANTEED OPTION

After three full years' premiums have been paid hereon, the insured and assignee, if any, may, upon written request and legal surrender of this policy to the company at its home office within thirty days of default in the payment of any subsequent premium, elect to receive either—

1. *Paid-up Life Policy.* A paid-up nonparticipating life policy, payable at the same time and on the same conditions as this policy, for the amount provided in the "Table of guaranteed values," column 1, opposite the number of years' premiums paid, or—

2. *Paid-up Term Policy.* A paid-up nonparticipating term policy for the amount insured under this policy and for the number of years and months shown in the "table of guaranteed values," column 2, opposite the number of years' premiums paid, or—

3. *Cash Surrender Value.* The cash surrender value of this policy as stated in the "table of guaranteed values," column 3, opposite the number of years' premiums paid.

. . . . . . . . . . . . . . .

### TABLES OF GUARANTEED VALUES
#### TABLE A—Effective if "reduced premiums" are paid

| Column 1. | Column 2. | | Column 3. | |
| --- | --- | --- | --- | --- |
| | Paid-up term insurance | | Cash surrender or loan value | Years premiums paid. |
| Paid-up life insurance. | Years. | Months. | | |
| $292................................ | 6 | 6 | $100 | 3 |
| 556................................ | 13 | 8 | 198 | 5 |
| 1266................................ | 28 | 9 | 508 | 11 |
| 1628................................ | 32 | 11 | 712 | 15 |
| 2000................................ | Paid-up. | | 974 | 20 |

#### TABLE B—Effective if "full premiums" are paid

| Column 1. | | Column 2: | | Column 3. | |
| --- | --- | --- | --- | --- | --- |
| Paid-up life insurance values and cash balance. | | Paid-up term insurance | | Cash surrender or loan value. | Years premiums paid. |
| Insurance. | Cash. | Years. | Months. | | |
| $354 | Immediate cash payment in addition | 8 | 2 | $122 | 3 |
| 776 | to full paid-up policy for face amount. | 20 | 1 | 278 | 5 |
| 2000 | $20 | .......... | .......... | 854 | 11 |
| 2000 | 396 | .......... | .......... | 1308 | 15 |
| 2000 | 978 | .......... | .......... | 2000 | 20 |

Settlement of the policy as a death claim is provided by the first paragraph above quoted.

Settlement of the policy in the lifetime of the insured is provided for in several modes: (*a*) At the end of eleven years upon surrender of the policy; (*b*) at the end of twenty years upon surrender of the policy; (*c*) by the mode stated in the guaranteed options.

Attached to the policy were eighteen coupons. The provision in the policy as to the coupons, reads:

### "COUPON REDUCTION

"The company guarantees that the premium payable hereunder shall be reduced by the amounts shown on the coupons attached hereto, provided that as each annual premium after the second falls due, the coupon bearing the same date as the annual premium payment be detached and accompany the payment of the balance of the premium, in which event the values hereunder will be as shown in table 'A' of the guaranteed values endorsed hereon.

"The insured at his option may leave the coupons attached to his policy and pay the premium in full each year, in which event the amounts named in the unused coupons will be applied as pure endowment additions to increase the values of table 'A' to those shown in table 'B' of the guaranteed values endorsed hereon.

"If the premiums be paid without reductions for at least three full years, and at any time thereafter the insured so elects he may decrease his future premium payments by applying the coupon for each year thereafter to the reduction of the year's premium, in which event the company will upon receipt of the unused coupons up to that date, immediately pay the insured their face value together with four percent compound interest; provided, that if there be a loan against this policy, the accumulated value of the unused coupons will be applied to the reduction of the loan, and the values hereunder will thereafter be as shown in table 'A' of the guaranteed values endorsed hereon."

As the insured exercised his right to leave the coupons attached and paid the premiums in full "the amounts named in the unused coupons" under the foregoing provisions are to "be applied as pure endowment additions to increase the values in table 'A' to those shown in table 'B' of the guaranteed values endorsed thereon."

Under the last clause above quoted the insured, after paying the premiums without reduction for three full years, could elect to decrease his future premium payments by applying the coupon for each year thereafter to the reduction of the year's premium; if such election were made and the unused coupons sent in, their face value with four percent compound interest was to be paid the insured. By this provision insured had the choice of carrying the policy as an ordinary life policy, or as an endowment policy. As this elec-

tion was not exercised by the insured, the amounts named in the unused coupons were to be applied to "pure endowment additions" under the previous clause.

Under the "guaranteed options" provisions above set forth, the insured after three years' premiums had been paid, upon the performance of certain conditions precedent, had the election to convert his policy into (1) a paid-up nonparticipating life policy; (2) a paid-up nonparticipating term policy, or (3) to receive the cash surrender value. The right under this election was a different right than the one existing under the election detailed in the last paragraph. It amounted to a right to surrender the policy and receive its value in cash or a new policy.

The conditions precedent to the right of exercising the last election was a "written request and legal surrender of the policy to the company at its home office within thirty days of default in the payment of any subsequent premiums." As the insured never surrendered the policy, no contention is made, or could be made, that an election under the guaranteed options provision was made.

In Couch on Insurance, section 25, it is said: "Endowment insurance is, in general, a contract to pay assured, in consideration of a premium or premiums to be paid within a certain limited time, a specified sum of money at the termination of a certain designated period, if he is then living, but to a person named if assured dies before the specified time."

In the contract before us the contract was entitled "20 Payment Life Coupon Premium Reduction Plan, With Twenty-Year Endowment Option Non-Participating." The insured elected to pay the premiums on the policy as an endowment policy. If he had lived until he had paid twenty years on the policy as an endowment policy he would have been entitled to $2,000—the face of the policy—in cash or a paid-up policy for $2,000 and $978 in cash under table 'B'. But since insured did not live out the twenty-year period, but died after paying fifteen annual premiums, the payment of the $2,000 to the beneficiary fulfills the terms of the contract.

We find no provision in the policy for the payment of dividends as the plaintiff seems to contend. The extra premiums which insured paid were not held for him as dividends on deposit, but were used to buy an endowment policy. As there is nothing now due on the policy, plaintiff's cause of action must fail.

The right of the plaintiff as administrator to maintain this action

was discussed. This question has not been overlooked, but in view of the conclusion at which we have arrived, we do not think it necessary to determine that question.

The judgment is reversed with directions to enter judgment for defendant.